(117 So. 738)

No. 29289.

## In the Matter of Frank J. GRUNEWALD.

June 4, 1928.

Charles F. Fletchinger, Nicholas Callan, and John R. Upton, all of New Orleans, for Supreme Court Disbarment Committee.

ROGERS, J. On March 22, 1928, in the criminal district court for the parish of Orleans, Frank J. Grunewald pleaded guilty of forging and uttering a certain promissory note. On March 27, 1928, he was sentenced to imprisonment in the state penitentiary at hard labor for a term of not less than three years, nor more than nine years. At that time Frank J. Grunewald was an attorney at law, having been licensed as such by this court on April 27, 1917. Subsequently, the disbarment committee of the court, alleging these facts and that the defendant was actually serving his sentence, instituted this proceeding by rule to have his name stricken from the roll of attorneys, and his license canceled and revoked. Although duly served with a copy of the plaintiff's motion and the order thereon, defendant has made no appearance before this court.

Section 13 of rule XX of the Supreme Court, as amended November 5, 1926, provides as follows, viz.:

"Whenever any member of the bar shall be convicted of a felony and such conviction shall be final there may be presented to the court a certified or exemplified copy of the judgment of such conviction, and thereupon the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking the name of the person so convicted from the roll of attorneys and canceling his license to practice law in the state of Louisiana. Upon the person so convicted being pardoned by the President of the United States or Governor of this state, the court, upon application, may vacate or modify such order or debarment."

See 161 La. p. viii.

The disbarment committee has offered and filed in evidence certified copies of the information and of the minutes of the trial court, showing defendant's plea of guilty and his sentence thereon. The evidence also shows that the defendant is actually serving his sentence, and the judgment of conviction is now final.

The disbarment committee has presented to the court a case well within the provisions of the rule hereinabove quoted. The defendant pleaded guilty of, and was sentenced for, an offense, the commission of which shows that he is wholly lacking in those moral qualities which are necessary in one enjoying the privileges and exercising the duties of an attorney at law.

For the reasons assigned, the license of the defendant, Frank J. Grunewald, to practice law heretofore granted by this court, is revoked, and his name is ordered stricken from the roll of attorneys of this state.